UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **09-CV-21117-Huck-O'Sullivan**

ROLIN JEAN,

      Plaintiff,

v.

AIRPORT ALLIANCE, INC,
a Florida corporation,

      Defendant.
_____/

FILED by VT D.C.
ELECTRONIC

April 24, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT

COMES NOW Plaintiff, ROLIN JEAN, by and through his undersigned counsel, and sues the Defendant, AIRPORT ALLIANCE, INC, a Florida corporation, and alleges as follows:

1. That Plaintiff, former employee of Defendant, bring this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq..

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiff was and is presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendant was the employer of the Plaintiff, was conducting business in this judicial district and was an 'employer' under the FLSA.

6. That at all times material hereto, Defendant was and continues to be an 'enterprise

1

engaged in commerce' within the meaning of the FLSA.

7. That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

8. That the Plaintiff, ROLIN JEAN was hired as a non-exempt employee by the Defendant.

9. That during Plaintiff, ROLIN JEAN'S employment, Defendant required Plaintiff, ROLIN JEAN, a non-exempt employee under the FLSA, to work in excess of forty (40) hours per work-week, and willfully refused to properly compensate Plaintiff, ROLIN JEAN, for all such work pursuant to the FLSA.

11. That on March 25, 2009, the Plaintiff complained in writing to the Defendant concerning the failure to properly compensate the Plaintiff for work in excess of forty (40) hours per work-week.

12. That immediately thereafter, on April 5, 2009, the Defendant terminated the Plaintiff in retaliation for complaining, in direct violation of the FLSA anti-retaliation provision.

13. That all records concerning the number of hours actually worked by Plaintiff are in the exclusive possession and sole custody and control of the Defendant, and therefore, Plaintiff is unable to state at this time the exact amount due.

14. That Plaintiff, however, will exert diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff.

## COUNT I
## FLSA COMPENSATION

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 of this Complaint.

15. That Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

16. That by reason of the intentional, willful and unlawful acts of the Defendant, in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, ROLIN JEAN, demands judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA ANTI-RETALIATION

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 of this Complaint.

17. That Plaintiff complained to the Defendant concerning unpaid overtime and wages within his lawfully protected rights.

18. That, as a result of the Plaintiff's complaint, the Defendant intentionally, willfully and unlawfully terminated the Plaintiff in violation of the FLSA.

19. That the Defendant's decision to terminate the Plaintiff was both connected to, and in response to the Plaintiff's complaint.

**WHEREFORE**, Plaintiff, ROLIN JEAN, demands judgment against the Defendant, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and

3

expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, ROLIN JEAN, demands trial by jury.

Dated: April 23, 2009

Respectfully submitted,

| | |
|---|---|
| WHITELOCK & ASSOCIATES, P.A. | LEVY & LEVY, P.A. |
| 300 Southeast Thirteenth Street | 300 Southeast Thirteenth Street |
| Fort Lauderdale, Florida 33316 | Fort Lauderdale, Florida 33316 |
| Telephone: (954) 463-2001 | Telephone: (954) 763-5722 |
| Facsimile: (954) 463-0410 | Facsimile: (954) 763-5723 |
| E-mail: cjwhitelock@bellsouth.net | E-mail: chad@levylevylaw.com |
| Co-Counsel for Plaintiff | Co-Counsel for Plaintiff |
| | |
| Christopher L. Whitelock | Chad E. Levy |
| Florida Bar No. 067539 | Florida Bar No. 0851701 |

4

●JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS<br>ROLIN JEAN, | DEFENDANTS<br>AIRPORT ALLIANCE, INC<br>a Florida corporation |
|---|---|
| (b) County of Residence of First Listed Plaintiff   **Dade County**<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant   **Dade County**<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>Chad E. Levy, Esq.<br>Levy & Levy, P.A., 300 Southeast Thirteenth Street, Fort Lauderdale, Florida 33316<br>Telephone: (954) 763-5722 - Facsimile: (954) 763-5723 | Attorneys (If Known) |

(d) Check County Where Action Arose: ☒ DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

*1:09 CV 21117 - Huck · O'Sullivan*

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

This is an action to recover overtime, unpaid wages and retaliation damages under the Fair Labor Standards Act.

LENGTH OF TRIAL via __3__ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE 4/23/09

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 546110   AMOUNT 350.00   APPLYING IFP _____

546110